IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE DWAIN COPELAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-01758-X (BT) |
| | § | |
| OFFICE OF THE ATTORNEY GENERAL, CHILD SUPPORT DIVISION, ET AL. | § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Bruce Dwain Copeland sues the Texas Attorney General's Child Support Office (Texas Attorney General) and the "318th Judicial District Court" in Collin County, Texas under 42 U.S.C. § 1983 and *Bivens v. Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 3 at 1-2. He complains that the Texas Attorney General violated his rights by putting a lien on his financial account for unpaid child support payments. ECF No. 3 at 2. He questions the jurisdiction of the Texas Attorney General to continue seeking child support payments from him when he, the mother of the child, and the child all live in Louisiana. ECF No. 3 at 4. He also complains that a Collin County court issued a warrant for his arrest for violating the conditions of a probation order, which is precluding him from obtaining a license from the Louisiana Department of Insurance. ECF No. 3 at 4. He seeks monetary damages. ECF No. 3 at 5-6.

After review of the complaint and the applicable law, for the reasons below, the Court recommends that this case be transferred to the Sherman Division of the Eastern District of Texas.

## Legal Standards and Analysis

A plaintiff may bring an action in a district or division if, at the time of filing: (1) any defendant resides in that district or division and (2) all defendants reside within the state. 28 U.S.C. § 1391(b)(1). Venue is also appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

In this case, neither defendant resides in the Northern District of Texas. Copeland named a Collin County court as a defendant, and Collin County is within the Sherman Division of the Eastern District of Texas. *See* ECF No. 3 at 2; 28 U.S.C. § 124(c). He also sued the Texas Attorney General, who is located in the Austin Division of the Western District of Texas. *See* ECF No. 3 at 2; *Conner v. Paxton,* 2023 WL 5758888, at *1 (S.D. Tex. Sept. 6, 2023) ("Governor Abbott and Attorney General Paxton reside and work in Austin, Texas, which lies within the Austin Division of the Western District of Texas.").

Further, it does not appear that a substantial part of the events or omissions giving rise to Copeland's claim occurred in this District. Rather, Copeland—who currently lives in Louisiana—is complaining about an arrest warrant issued by a Collin County court and attempts by the Texas Attorney General to collect child support from him.

Because venue is improper in the Northern District of Texas Dallas Division, the Court may transfer the case to any district or division in which it could have been brought if the Court believes doing so is in the interests of justice. 28 U.S.C. § 1406(a). Given the early stage of the proceedings and the fact that the merits of Copeland's claims have not yet been addressed, the Court finds that it is in the interests of justice to transfer this case to the Sherman Division of the Eastern District of Texas. A substantial part of the events giving rise to Copeland's claims occurred there, and one of the named defendants resides there. And while the case arguably could also have been brought in the Western District of Texas, the Sherman Division of the Eastern District of Texas is still the preferable venue because Copeland's claims for monetary damages against the Texas Attorney General are likely barred under the Eleventh Amendment. *See, e.g.*, *El Bay v. Dominguez*, 540 F.Supp.3d 653, 678 (N.D. Tex. Nov. 20, 2020) (finding claim against Texas Attorney General's Office was barred under the Eleventh Amendment) (citation omitted). Further, Copeland claims that the Texas Attorney General is "handling" the case from an office in Collin County. ECF No. 3 at 2.

## Recommendation

The Court should transfer this case to the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1406(a).

Dated July 16, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).